# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:09cv030

| | |
|---|---|
| JOANN MCMANUS TRIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Summary Judgment [Doc. 14], to which Plaintiff has filed a Response [Doc. 17].

## I. PROCEDURAL HISTORY

Plaintiff filed a protective application for a period of disability and Disability Insurance Benefits on July 6, 2004, and an application for Supplemental Security Income payments on July 12, 2004, both alleging disability with an onset date of January 1, 1983. The alleged onset date was amended at hearing to July 6, 2004. [Transcript ("T.") 39]. Plaintiff's claims were denied initially and on reconsideration. [T. 95-98, 88-90]. A hearing was held before Administrative Law Judge (hereinafter, "ALJ") Gregory Wilson on

June 30, 2008, at which Plaintiff, who was represented by counsel, appeared and testified. [T. 394-421]. On September 17, 2008, the ALJ issued a decision denying the Plaintiff benefits. [T. 12-23]. The Appeals Council considered additional evidence, but denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 3-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than

2

creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's

3

physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

The ALJ found that the Plaintiff's date last insured was December 31, 1985, and as such, that she was not eligible for benefits under Title XVI. He then found that the Plaintiff had not engaged in any substantial gainful activity since her alleged onset date.[1] [T. 14]. The ALJ then found Plaintiff's lumbar degenerative disc disease, depression, anxiety and Graves' disease to be

---

[1] The ALJ's decision erroneously cites the Plaintiff's alleged onset date as June 4, 2004.

4

severe impairments. [T. 14]. The ALJ concluded, however, that the severe impairments did not meet or equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. [T. 25].

The ALJ then assessed the Plaintiff's residual functional capacity (RFC), finding that she could lift 25 pounds frequently and 50 pounds occasionally; that she could sit, stand and walk for six out of eight hours; that she could frequently handle, finger and feel, climb, balance, kneel, and crawl; that she could occasionally stoop and crouch; that she could not perform any job requiring depth perception; and that she could perform only simple one and two-step tasks in a low stress, non-production setting. [T. 27]. Based upon her earning records, the ALJ concluded that the Plaintiff's prior work attempts as a waitress did not constitute substantial gainful activity and therefore she had no past relevant work. [T. 31]. As such, the ALJ concluded that transferability of job skills was not an issue. [Id.].

Proceeding to the fifth step of the sequential evaluation, the ALJ obtained the testimony of a vocational expert (VE) to determine whether, considering the Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the

Plaintiff could perform. The VE responded that such work did exist in the national economy, explaining, in pertinent part, as follows:

> Yes. There would be some assembly jobs. For example, bench assembly. The DOT [Dictionary of Occupational Titles] number is 706.684-042. Assembler, small parts. 706.684-022. And assembler, hospital supplies. 712.687-010. For these jobs in the region, within 200 miles of Sylva, North Carolina, there would be 1,000 jobs. In the national economy, there would be 100,000 [jobs]. Production inspecting jobs in the region. Pencil inspector. In the region there would -- the DOT number would 733.687-62. Oil filter inspector. 739.687-114. In the region, there would be 800 of those jobs. In the national economy, there would be 80,000 [jobs]. There would be some hand-packer packaging jobs . . . . The DOT number for that would be 920.587-018. In the region, there would be 1,000 [jobs]. In the national economy, there would be 100,000 [jobs]. Those would be representative. That is not an exhaustive list.

[T. 63]. The VE further testified that the exertional and skill level for the assembly and production inspecting jobs were light, SVP 2. The VE testified that the hand-packer packaging job would be considered light, also SVP 2. [Id.]. The VE indicated that all of his responses were consistent with the DOT. [T. 64].

Based upon the VE testimony, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that the Plaintiff

6

could perform, and he therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from January 1, 1983 through the date of the ALJ's decision. [T. 31-32].

## V. DISCUSSION

The Commissioner has the burden of proof at the fifth step of the sequential evaluation process to show that work exists in the national economy that the claimant could perform. See Pass v. Chater, 65 F.3d 1200, 1205 n.4 (4th Cir. 1995). In determining whether this burden has been met, "the ALJ generally must accept evidence from a vocational expert, who, based on the claimant's age, education, work experience, and RFC, testifies whether there are jobs for such a person in the national economy." Morgan v. Barnhart, 142 F. App'x 716, 720 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(g)(1)).

In the present case, the VE identified six jobs -- pencil inspector, bench assembler, small parts assembler, assembler of hospital supplies, oil filter inspector, and hand packager -- that a person with the same age, education, work experience, and RFC as the Plaintiff could perform. He provided the DOT numbers for each occupation, identified the numbers of positions available both in the regional and national economy, and testified that his

testimony was consistent with the description of these jobs as set forth in the DOT.

On appeal, the Plaintiff contends that none of the positions identified by the VE could be performed by someone with her RFC. Specifically, she notes that while the ALJ's RFC assessment limited her to performing work that required no depth perception, all of the positions identified require occasional, if not frequent, use of depth perception. Further, with respect to the hand packager position, the Plaintiff argues that this position requires constant handling and fingering, when the ALJ limited her to no more than frequent handling and fingering. Plaintiff further notes that the job of "oil filter inspector" does not appear in the DOT, nor does that publication even contain a job for the DOT number identified as being associated with that position. [Doc. 11 at 16].

The Defendant concedes that the Plaintiff is precluded from performing the jobs of pencil inspector, bench assembler, small parts assembler, assembler of hospital supplies, and hand packager, as these positions all require some depth perception. [Doc. 15 at 17]. The Defendant further concedes that the Plaintiff is further precluded from performing the job of hand packager because this position requires more than frequent handling and

8

fingering. [Id.]. The Defendant nevertheless contends that he satisfied his burden at step five by demonstrating that the Plaintiff was able to perform the job identified by the VE as "oil filter inspector." While acknowledging that such a position does not actually exist in the DOT, and that the DOT does not contain a job for the DOT number identified as being associated with this position, the Defendant argues that there is substantial evidence to support the ALJ's determination. In so arguing, the Defendant contends that "it is reasonable to assume that the [VE] was relying upon the job of gasket inspector (*DOT* #739.687-102) when referring to the oil filter inspector job" and he therefore urges the Court to accept the DOT description of this position as evidence to support the ALJ's decision. [Id.].

The Defendant offers no persuasive authority for this novel argument. As the Defendant has conceded, five of the six jobs cited by the VE required skills that the ALJ determined the Plaintiff was incapable of performing. With respect to the sixth position identified, the VE cited a non-existent position and a non-existent DOT number in support of his conclusion that there were jobs in significant number that the Plaintiff could perform. For the Court to assume, as urged by the Commissioner, that the VE was in fact relying upon a completely different DOT entry in support of his conclusion would be sheer

9

speculation. In light of the VE's obviously flawed testimony, and the lack of any other substantial evidence to support the ALJ's determination that there are jobs in significant numbers that the Plaintiff can perform, the Court is compelled to reverse the decision of the Commissioner and remand this case for further proceedings.[2]

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **GRANTED** to the extent that the Plaintiff seeks reversal of the Commissioner's decision denying her disability benefits. To any extent that the Plaintiff seeks an immediate award of benefits, the Plaintiff's Motion [Doc. 10] is **DENIED**.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and this case is hereby **REMANDED** to the Commissioner for further administrative action consistent herewith.

---

[2] In light of this decision, the Court need not address the Plaintiff's other assignments of error.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 14] is **DENIED.**

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: October 26, 2011

Martin Reidinger
United States District Judge