# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:09cv30

| | |
|---|---|
| JOANN McMANUS TRIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act and the Social Security Act [Doc. 31].

## I. PROCEDURAL HISTORY

The Joann McManus Trim initiated this action on May 12, 2009, seeking review of the denial of her claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Plaintiff's Complaint was filed by Russell R. Bowling, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

The Commissioner filed an Answer to the Plaintiff's Complaint on July 24, 2009. [Doc. 6]. Thereafter, the parties filed their respective Motions for Summary Judgment on the basis of the administrative record. [Docs. 10, 14].

The signature page for the brief filed in support of the Plaintiff's Motion for Summary Judgment indicates that it was presented to the Court by attorneys Russell R. Bowling, Charles L. Martin and Perrie H. Naides. [Doc.11]. The brief contains the notation "On the brief, Charles L. Martin, Attorney for Plaintiff," which is followed by Mr. Martin's firm and contact information, and also identifies Attorney Naides as "Attorney for Plaintiff." [Id.]. Because neither Attorney Martin or Attorney Naides were counsel of record for the Plaintiff, nor licensed to practice law in this District, the Court entered an Order directing them to seek admission to appear *pro hac vice* in this matter or risk the striking of the summary judgment brief. [Doc. 19]. In response to the Court's Order, Attorney Bowling moved for the *pro hac vice* admission of both Attorney Martin and Attorney Naides and paid the required filing fee of $250.00 for each application. [Docs. 20, 21]. The Court granted these motions on August 9, 2010. [Docs. 22, 23].

Upon being granted *pro hac vice* admission, Attorney Naides was directed to register for the Court's Electronic Case Filing (ECF) system, as

2

required by Local Civil Rule 83.1. Attorney Naides filed a motion seeking exemption from this requirement [Doc. 24], which was denied [Doc. 26]. Attorney Naides completed her ECF registration on September 9, 2010. [See Doc. 28].

On October 26, 2011, the Court entered an Order remanding this case to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g). [Doc. 29]. On January 20, 2012, the Plaintiff filed a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). [Doc. 31]. Specifically, the Plaintiff seeks an award in the amount of $8,098.73, representing 40.3 hours of work performed at the rate of $181.78 per hour by Attorneys Bowling, Martin, and Naides; 4.2 hours of work performed by a paralegal at the rate of $65.00 per hour; and filing fees of $500.00 for the two motions for *pro hac vice* admission of Attorneys Martin and Naides. [See Doc. 32]. The Defendant filed a Memorandum in Opposition to the Plaintiff's request for attorney's fees and costs on February 3, 2012. [Doc. 34]. The Plaintiff filed a Reply brief on February 14, 2012. [Doc. 35].

Having been fully briefed, this matter is ripe for disposition.

## II.   DISCUSSION

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

While conceding that the Plaintiff is a prevailing party in this action and thus is entitled to a fee award, the Commissioner argues that the hourly rates charged and the number of hours claimed by the Plaintiff's attorneys are excessive. Accordingly, the Commissioner argues that the Plaintiff's requested fee award should be substantially reduced. [Doc. 34].

### A.   Hourly Rate

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the

> court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. <u>Payne v. Sullivan</u>, 977 F.2d 900, 901 (4th Cir. 1992).

The Plaintiff requests an hourly rate of $181.78 for services performed by her attorneys. The Plaintiff arrived at this rate by calculating the increase in the cost of living as reflected by the Consumer Price Index ("CPI") for all urban consumers of the United States. [<u>See</u> Doc. 32 at 3]. Using the CPI, the Plaintiff calculated the percentage change between March 1996, the time of the re-enactment of the EAJA statute, and October 2011, the date of the Judgment in this case, and applied that percentage increase to the statutorily set rate of $125. [<u>Id.</u>].

As the Commissioner points out [Doc. 34 at 3], the Plaintiff's methodology is correct for work performed in 2011. The vast majority of the work performed in this case, however, occurred in 2009 and 2010, with only a few hours charged in 2011. [<u>See</u> Doc. 32-3 at 5-6, 13]. The "proper CPI for legal services rendered should be based . . . for the year in which those services were performed." <u>Adkins v. Astrue</u>, No. 1:07-cv-723, 2011 WL

2020639, at *5 (S.D. Ohio Feb. 18, 2011). Using the national CPI for all urban consumers, the Commissioner calculates an adjusted hourly rate of $172.25 for services performed in 2009 and an adjusted hourly rate of $175.00 for services performed in 2010. [See Doc. 34 at 2-3 (calculating percentage increase in the CPI from March 1996 through 2009)]. The Plaintiff does not object to the Commissioner's calculations of the hourly rates for the years 2009 and 2010 or to the application of such rates in this case. [Doc. 35 at 3]. The Court finds the Commissioner's calculations to be correct and therefore will award the Plaintiff fees based on an hourly rate of $172.25 for work performed by her counsel in 2009; $175.00 for work performed in 2010; and $181.78 for work performed in 2011.[1]

**B.    Number of Hours Charged**

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating to the Court that the number of hours charged are reasonable. See Hensley v.

---

[1] The Plaintiff also claims fees for paralegal services performed at the hourly rate of $65.00 per hour. The Defendant does not object to the application of this hourly rate, and the Court finds and concludes that a rate of $65.00 per hour is reasonable and in keeping with the prevailing market rates for paralegals in this District.

Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Court has broad discretion to determine what constitutes a reasonable fee award. See May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

Upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorneys in litigating this matter are duplicative and excessive. The Plaintiff's attorneys claim over 30 hours in the preparation of the summary judgment brief, including time spent reviewing the record and performing legal research. Attorney Naides herself spent nearly 26 hours drafting the summary judgment brief. [See Doc. 32-3 at 10 (entries from 10/2/09 to 10/7/09)]. This is an excessive amount of time to be spent on a brief of this nature. The Court will accordingly deduct 6.5 hours from the time claimed by Attorney Naides in drafting the summary judgment brief.

Attorney Bowling claims a total of 1.5 hours in reviewing Attorney Naides' drafts of the summary judgment brief and the response to the Government's summary judgment motion. [See Doc. 32-3 at 5 (entries of 10/13/09 and 2/09/10)]. Attorney Martin also claims 3.9 hours in reviewing Attorney Naides's work on the summary judgment brief. [Id. at 10 (entry of 10/9/09)]. The Court finds the amount of time spent by Attorneys Bowling and

Martin in reviewing the work of their co-counsel to be redundant and excessive. Accordingly, the Court will further deduct a total of 5.4 hours from the time claimed by Attorneys Bowling and Martin.

### C. Pro Hac Vice Fees

The Plaintiff also seeks recovery of $500.00 in fees incurred in seeking *pro hac vice* admission for Attorneys Martin and Naides. [Doc. 32 at 4]. The Defendant opposes this request, arguing that obtaining assistance from these out-of-state attorneys was strictly for Attorney Bowling's benefit and should therefore be disallowed. [Doc. 34 at 5-6].

The Court agrees with the Defendant that the *pro hac vice* fees incurred by the Plaintiff's out-of-state counsel are not recoverable in this case. The EAJA permits a prevailing party to recover a judgment for costs, as enumerated in 28 U.S.C. § 1920. See 28 U.S.C. § 2412(a)(1). *Pro hac vice* fees are considered nontaxable costs under Local Rule 54.1 and the Bill of Costs Handbook[2] utilized in this District. See Belk, Inc. v. Meyer Corp., U.S., No. 3:07-CV-168-DSC, 2010 WL 3474918, at *10 (W.D.N.C. Aug. 31, 2010); see also Lofton v. McNeil Consumer & Specialty Pharms., No. 3:05-CV-1531-L, 2011 WL 206165, at *1 (N.D. Tex. Jan. 4, 2011) (finding that *pro hac vice*

---

[2]The Bill of Costs Handbook is available through the Court's website, www.ncwd.uscourts.gov.

fees "are an expense that an attorney pays for the privilege of practicing law in a district"); Exhibit Icons, LLC v. XP Companies, LLC, No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009) ("the *pro hac vice* fee is an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920"). Accordingly, the Plaintiff's request for reimbursement of $500.00 in costs and for .45 hours of attorney time associated with obtaining *pro hac vice* admission for Attorneys Martin and Naides shall be denied.

**D. Assignment of Fees**

Finally, the parties acknowledge that pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521, 2526-27, 177 L.Ed.2d 91 (2010), an award of fees under EAJA is payable only to the Plaintiff as the prevailing party and is thus subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the federal government. Nevertheless, the Plaintiff requests that the EAJA award be paid directly to her counsel as her assignee pursuant to the parties' Fee Agreement. [See Doc. 31-1]. The Commissioner indicates that he is willing to accept Plaintiff's assignment of such fees to counsel, so long as it is determined that as of the date of this Order, the Plaintiff owes no debt to the Government that would be subject to offset. [Doc. 34 at 7 n.3].

The Court finds that this arrangement sufficiently harmonizes Plaintiff's request to honor his assignment with the ruling in Ratliff.

III. **CONCLUSION**

After consideration of the deductions outlined above, the Court will award the Plaintiff the following amount as an award of reasonable fees and expenses under the EAJA:

    21.85 attorney hours[3] x $172.25 = $3,763.66

    4.7 attorney hours[4] x $175.00 =    822.50

    1.4 attorney hours[5] x $181.78 =    254.49

    4.2 paralegal hours x $65.00 =    273.00

    **Total**     **$5,113.65**

As noted above, the Court will not reimburse the Plaintiff for the *pro hac vice* fees incurred by her out-of-state counsel.

---

[3] This figure is arrived at by adding the reasonable number of hours of work performed by Attorney Bowling (1.9 hours), Attorney Martin (.6 hours), and Attorney Naides (19.35 hours) in 2009 (1.9 + .6 + 19.35 = 21.85).

[4] This figure is arrived at by adding the reasonable number of hours of work performed by Attorney Bowling (1.3 hours), Attorney Martin (.1 hours), and Attorney Naides (3.3 hours) in 2010 (1.3 + .1 + 3.3 = 4.7).

[5] This figure is arrived at by adding the reasonable number of hours of work performed by Attorney Bowling (.3 hours) and Attorney Martin (1.1 hours) in 2011 (.3 + 1.1 = 1.4).

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act and the Social Security Act [Doc. 31] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees in the amount of Five Thousand One Hundred and Thirteen Dollars and Sixty-Five Cents ($5,113.65), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide any valid fee assignment to the Commissioner.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: April 17, 2012

Martin Reidinger
United States District Judge